**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DATA CARRIERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. and<br>WAL-MART.COM USA, LLC,<br><br>Defendants. | ) | C.A. No. 12-954-LPS<br><br>**JURY TRIAL DEMANDED** |

**WAL-MART STORES, INC.'S AND WAL-MART.COM USA, LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO <u>DATA CARRIERS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT</u>**

Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC (collectively "Walmart"), for their Answer, Defenses, and Counterclaims to the Complaint for Patent Infringement ("Complaint") filed on July 19, 2012 by Plaintiff Data Carriers, LLC ("Data Carriers"), admit, deny, and allege as follows:

1. In answer to paragraph 1, Walmart is without information sufficient to form a belief as to the truth of the allegations thereof, and on that basis denies them.

2. In answer to paragraph 2, Walmart admits that Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716-8611 and that it may be served through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. To the extent that paragraph 2 of the Complaint contains additional factual allegations, Walmart denies them.

3. In answer to paragraph 3, Walmart admits that Wal-Mart.com USA, LLC is a California limited liability company and that it may be served through its registered agent, The

Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. To the extent that paragraph 3 of the Complaint contains additional factual allegations, Walmart denies them.

**JURISDICTION AND VENUE**

4. In answer to paragraph 4, Walmart admits that the Complaint purports to state a cause of action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. Walmart further admits that jurisdiction in this Court purports to be based upon the statutes cited.

5. In answer to paragraph 5, Walmart admits that this Court has personal jurisdiction over Wal-Mart Stores, Inc. Walmart denies that Wal-Mart Stores, Inc. has committed any acts of infringement in the District of Delaware. To the extent paragraph 5 of the Complaint alleges that Wal-Mart.com USA, LLC is subject to personal jurisdiction in Delaware, Walmart specifically denies that Wal-Mart.com USA, LLC has committed any acts of infringement in the District of Delaware. Walmart denies each and every remaining allegation set forth in this paragraph directed at Walmart. Walmart is without information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

6. In answer to paragraph 6, to the extent Plaintiff has sufficiently alleged a patent infringement cause of action, Walmart admits that venue is proper in the District of Delaware for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a). Walmart denies each and every remaining allegation set forth in this paragraph.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 5,388,198**

7. In answer to paragraph 7, Walmart admits that U.S. Patent No. 5,388,198 ("the '198 Patent") is entitled "Proactive Presentation of Automating Features To a Computer User" and indicates on its face that the patent was filed on April 16, 1992, issued on February 7, 1995, and originally assigned to Symantec Corporation. Walmart admits that Exhibit A to the

Complaint purports to be a copy of the '198 Patent. Walmart is without information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

8. In answer to paragraph 8, Walmart denies that it has directly infringed or is directly infringing any valid claim of the '198 Patent. Walmart denies each and every remaining allegation set forth in this paragraph directed at Walmart. Walmart is without information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

9. In answer to paragraph 9, Walmart denies each and every allegation set forth in this paragraph.

10. In answer to paragraph 10, Walmart denies each and every allegation set forth in this paragraph.

## PRAYER FOR RELIEF

11. Paragraphs A through E of the Prayer for Relief of the Complaint are a request for relief which do not require an admission or denial. To the extent a response is required, Walmart denies that Data Carriers is entitled to the requested relief and denies any allegations contained in paragraphs A through E.

## DEMAND FOR JURY TRIAL

12. Plaintiff's request for a jury trial pursuant to Federal Rule of Civil Procedure 38 does not require an admission or denial. To the extent that any allegations are included in this demand, Walmart denies these allegations. Walmart also demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## GENERAL DENIAL

13. To the extent that any allegations of the Complaint are not specifically admitted, Walmart hereby denies them.

**DEFENSES**

14. Subject to the responses above, Walmart alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Walmart specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST DEFENSE**

15. Walmart has not and does not (i) literally infringe, (ii) infringe under the doctrine of equivalents, (iii) contributorily infringe, or (iv) induce infringement of any valid and enforceable claim of the ‘198 Patent.

**SECOND DEFENSE**

16. The claims of the ’198 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 112, and/or 132

**THIRD DEFENSE**

17. Data Carriers’ enforcement of the patents-in-suit is barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, implied license, and/or unclean hands.

**FOURTH DEFENSE**

18. Data Carriers is estopped from asserting one or more claims of the ’198 Patent in such a way as to allegedly cover Walmart’s activities by reason of statements and claim amendments made by or on behalf of the applicant to the United States Patent and Trademark Office (“PTO”) and/or narrowing amendments made during the prosecution of the applications that led to the issuance of the ‘198 Patent.

## FIFTH DEFENSE

19. Data Carriers' claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Data Carriers is not entitled to double recovery.

## SIXTH DEFENSE

20. Data Carriers' claim for damages, if any, against Walmart for the alleged infringement of the '198 Patent is limited by 35 U.S.C. §§ 286, 287, and/or 288. Data Carriers is further barred from receiving damages, if any, on or after April 16, 2012, the expiration date of the '198 Patent. Data Carriers is barred under 35 U.S.C. § 288 from recovering costs.

## RESERVATION OF ADDITIONAL DEFENSES

21. Walmart reserves the right to assert additional defenses, including claims of inequitable conduct, that may be developed through discovery in this action.

## WALMART'S COUNTERCLAIMS

22. Counter-Plaintiffs Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC (collectively "Walmart") state the following counterclaims against Plaintiff/Counter-Defendant Data Carriers, LLC ("Data Carriers"). Walmart reserves the right to assert additional counterclaims, such as unenforceability due to inequitable conduct, as warranted by facts learned through investigation and discovery.

## PARTIES

23. Counter-Plaintiff Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.

24. Counter-Plaintiff Wal-Mart.com USA, LLC is a California limited liability company with its place of business at 850 Cherry Avenue, San Bruno, California 94066.

25. On information and belief, Counter-Defendant Data Carriers is a limited liability company existing under the laws of the State of Delaware, with its principal place of business at 4023 Kennett Pike, Suite 531, Wilmington, Delaware 19807-2018.

**JURISDICTION AND VENUE**

26. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202 and the patent laws of the United States, 35 U.S.C. §§100 et seq. Venue is proper for these counterclaims because Data Carriers elected this forum for suit and pursuant to 28 U.S.C. §§ 1391 and 1400(b). By filing the complaint in this action, Data Carriers has subjected itself to the jurisdiction of this Court for purposes of these counterclaims against it.

**COUNT I**

27. Walmart hereby re-alleges and incorporates by reference the allegations of Paragraphs 1 through 21, inclusive, of Walmart's answer and defenses and Paragraphs 22 through 26 of Walmart's Counterclaims as if set forth herein in full.

28. Data Carriers alleges that Walmart has infringed and continues to infringe the '198 Patent.

29. Walmart denies Data Carriers' contentions. Walmart does not infringe and has never infringed, either directly, contributorily, or by inducement, any valid claim of the '198 Patent, either literally or under the doctrine of equivalents.

30. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq., concerning Walmart's non-infringement of the claims of the '198 Patent.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Walmart requests a declaration from the Court that Walmart has not directly or indirectly infringed any valid claim of the '198 Patent either literally or under the doctrine of equivalents.

**COUNT II**

32. Walmart hereby re-alleges and incorporates by reference the allegations of Paragraphs 1 through 21, inclusive, of Walmart's answer and defenses and Paragraphs 22 through 31 of Walmart's Counterclaims as if set forth herein in full.

33. Data Carriers alleges that the '198 Patent is valid and enforceable.

34. Walmart Denies Data Carriers' contentions. The claims of the '198 Patent are invalid failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

35. There is an actual and justiciable controversy between the parties concerning the invalidity of the '198 patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to, 35 U.S.C. §§ 102, 103, 112 and 132.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Walmart requests a declaration from the Court that the '198 Patent, and each of its claims, are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Plaintiff Walmart respectfully requests judgment in its favor and against Counter-Defendant Data Carriers, and that the Court grant the following relief:

A. that Data Carriers be denied all relief it has requested as set forth in its Complaint and that its Complaint be dismissed with prejudice;

B. that the Court determine and declare that Walmart has not infringed and does not infringe, either directly, indirectly, contributorily, or by inducement, any valid claim of the '198 Patent, either literally or under the doctrine of equivalents;

C. that the Court declare and order that the claims of the '198 Patent are invalid; and

D. that the Court find this case to be an exceptional case and that Walmart be awarded its costs and recoverable attorneys' fees incurred in having to defend this action pursuant to 35 U.S.C. §285 and as otherwise allowed;

E. that the Court grant Walmart all other and further relief as the Court may deem appropriate and just under the circumstances.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Andrew Leibnitz
Andy Nguyen
FARELLA BRAUN & MARTEL LLP
Russ Building
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Tel: (415) 954-4400

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC*

Dated: September 12, 2012
1074539 / 39387

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on September 12, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 12, 2012, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Marc A. Fenster
Benjamin T. Wang
Adam Hoffman
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
mfenster@raklaw.com
bwang@raklaw.com
ahoffman@raklaw.com

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1069408 / 39387